

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARTIN R. CAMPBELL                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:14cv63HSO-RHW

PROTOCOL RECOVERY SERVICE, INC., and
HARVEST CREDIT MANAGEMENT VII, LLC                                                          DEFENDANT

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW Plaintiff, Martin R. Campbell, (hereinafter "Campbell") by and through his attorney, and files this Complaint against Defendants, Protocol Recovery Service, Inc., (hereinafter "Protocol"), and Harvest Credit Management, VII, LLC (hereinafter "Harvest"), and in support thereof would respectfully show unto the Court the following:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Protocol and Harvest and its agents in their illegal efforts to collect a consumer debt from Campbell.

3. Venue is proper in this District because the acts and transactions occurred here, Campbell resides here, and Protocol and Harvest transact business here.

### PARTIES

4. Campbell is a natural person who resides in the City of Gulfport, County of Harrison, State of Mississippi, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Protocol is not registered to do business in Mississippi. Protocol is a Georgia corporation operating as a collection agency from an addresses of 509 Mercer Avenue, Panama City, Florida 32401-2631 and 655 Molly Lane, Suite 120, Woodstock, Georgia 30189. Protocol regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Protocol is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Protocol can be served upon its registered agent, Richard Cerny at 655 Molly Lane, Suite 120, Woodstock, Georgia 30189.

6. Harvest is not registered to do business in Mississippi. Harvest is a Colorado limited liability company having its principal place of business at 1776 Lincoln Street, Suite 900, Denver Colorado 80203. Harvest regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Harvest is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Harvest may be served with process by serving its registered agent, David Ravin, III at 1776 Lincoln Street, Suite 900, Denver Colorado 80203.

## FACTUAL ALLEGATIONS

7. Campbell incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit arrangement with JP Morgan Chase in the approximate amount of $350.70.

8. Campbell resolved this debt with JP Morgan Chase around 1995. The last four digits of the account with JP Morgan Chase are 8967. Campbell will refer to this debt as the "JP Morgan account".

9. Sometime thereafter however, the JP Morgan account was consigned, placed or otherwise transferred to Receivables Performance Management, LLC, (hereinafter "RPM") for collection from Campbell. Exhibit "A".

10. Campbell then resolved JP Morgan account again with RPM (see 1:11 CV 00247-HSO-JMR, Dkt#10).

11. In 2012 Campbell believed that the JP Morgan account was finally resolved after 17 years of harassment.

12. To Campbell's surprise and dismay, on February 6 2014, the JP Morgan account reappeared. Exhibit "B".

13. Protocol was attempting to collect the JP Morgan account that RPM and Harvest had agreed to cancel.

14. Upon information and belief, Protocol and/or Harvest called Campbell's employer at least twice to collect the JP Morgan account

15. Campbell was irritated by the reappearance of the JP Morgan account. Campbell thought this matter was finished. Campbell was concerned how this new attempt to collect the JP Morgan account would affect his credit. Campbell was also frustrated that he would once again be forced to bear the burden of resolving the JP Morgan account.

16. Putting aside the fact that Campbell settled this account with the original creditor, RPM and Harvest, the JP Morgan account is obviously barred by the statute of limitations. Harvest and Protocol know this, but they chose to harass Campbell anyway.

17. Protocol identifies itself as a "debt collector" in its letter to Campbell. Exhibit "B".

18. Protocol claims that Harvest Credit Management VII purchased Campbell's *delinquent* JP Morgan account for collection. Exhibit "B".

19. Harvest is a "debt collector".

20. In the collection letter dated February 6, 2014, David Curnett of Protocol outlines how Campbell can make payments on the JP Morgan account. Exhibit "B".

21. The letter dated February 6, 2014, is an effort to collect the JP Morgan account, which was a "communication" as that term is defined by 15 U.S.C. § 1692a(2). Exhibit "B".

22. The telephone calls to Campbell's employer was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

23. Campbell settled the JP Morgan account with JP Morgan Chase via payment around 1995.

24. Campbell settled the JP Morgan account with RPM on January 18, 2012 (see 1:11-cv-00247-HSO-JMR-dkt#10).

25. Contrary to the agreements described above, Harvest and Protocol are now attempting to collect the JP Morgan account.

26. Harvest and Protocol knew the JP Morgan account was resolved but they are attempting to collect it anyway. Harvest and Protocol were hoping Campbell would simply pay on the account rather than fight this battle again.

27. Protocol and Harvest are attempting to collect a debt that is not due.

28. Protocol and Harvest are attempting to collect fees that are not owed and inappropriate.

29. Protocol and Harvest are attempting to collect a debt that Harvest has already agreed to cancel.

30. The inaccurate credit reporting has hurt Campbell's credit report/credit score.

31. The above-described collection communications made to Campbell by Protocol and Harvest, and collection employees employed by Protocol and Harvest, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d), § 1692(e), § 1692(e)(2), §1692(e)(10), §1692(f), and § 1692(f)(1).

32. The above-detailed conduct by Protocol and Harvest of harassing Campbell in an effort to collect a debt was in violation of the FDCPA.

33. The collection efforts by Protocol and Harvest and its employee caused Campbell emotional distress. Campbell feared negative effects to his employment, his credit, feared answering the telephone and feared lawsuits.

34. Campbell believed that the JP Morgan account was resolved in his dispute with RPM. Yet, the illegal tactics by Protocol and Harvest have reopened the wound and caused Campbell to once again spend time addressing this old, nagging debt.

35. The illegal and abusive collection communications by Protocol and Harvest as more fully described above, were the direct and proximate cause of the emotional distress on the part of Campbell.

36. Campbell has suffered and shall continue to suffer actual damages as a result of these illegal collection communications by Protocol and Harvest in the form of anger, anxiety, emotional distress, fears, frustrations, embarrassment, amongst the other negative emotions, as well as being forced to expend his time and expense to resolve this matter.

37. Campbell has suffered, and shall continue to suffer incidental and consequential damages as a direct and proximate result of the aforementioned violations by Protocol and Harvest.

### *Respondeat Superior Liability*

38. The acts and omissions of Protocol and Harvest and the other debt collectors employed as agents by Protocol and Harvest who communicated with Campbell as described herein, were committed within the time and space limits of their agency relationship with their principal, Protocol and Harvest.

39. The acts and omissions by Protocol and Harvest and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Protocol and Harvest in collecting consumer debts.

40. By committing these acts and omissions against Campbell, Protocol and Harvest and these other debt collectors were motivated to benefit their principal, Protocol and Harvest.

41. Protocol and Harvest are therefore liable to Campbell through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Campbell.

### **TRIAL BY JURY**

42. Campbell is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

### **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

43. Campbell incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Protocol and Harvest and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Campbell.

45. As a result of the violations of the FDCPA by Protocol and Harvest, Campbell is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Campbell prays that judgment be entered against Protocol and Harvest:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Protocol and Harvest and for Campbell;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) against Protocol and Harvest and for Campbell;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Protocol and Harvest and for Campbell;

- for such other and further relief as may be just and proper.

This the 21st day of February, 2014.

Respectfully submitted,

/s/Jason Graeber.
Jason Graeber, Attorney for Martin R. Campbell.
2462 Pass Road
Biloxi, Mississippi 39531
Telephone: (228) 207-7117
Facsimile: (228) 207-8634
MSB No.: 101267
jason@jasongraeberlaw.com